UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| JAMES D. LAMMERS, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | Case No. 87-CV-533-JPS <br><br><br> **ORDER** |

Plaintiff James D. Lammers[1] ("Plaintiff") has a "long history of frivolous litigation" and, until a few weeks ago, was subject to a filing bar in all district courts in the Seventh Circuit. *Lammers v. Ellerd*, 202 F.3d 273, 1999 WL 1075323, *1 (7th Cir. 1999) (unpublished table decision). The filing bar was lifted in light of Plaintiff's payment of all the sanctions and filing fees he had incurred across his many lawsuits. *See Lammers v. Ellerd*, No. 98-3634 (7th Cir. May 26, 2023), ECF No. 15. In its order lifting the filing bar, the Seventh Circuit warned Plaintiff that "additional frivolous filings will lead to the reinstatement of a filing bar and possible monetary sanctions." *Id.*

Before the Court is Plaintiff's motion to reopen the above-captioned case, and for "appointment of counsel and to allow a record [to be] made of the felony operations by the State, State Farm, and related attorneys and firms including but not limited to attorney then Borowski and firm now claiming right as judge of state in coverup by him since 2017 appointment by then Governor Walker." ECF No. 66. As its title suggests, the motion is

---

[1] Plaintiff indicates that he is "formerly known" by this name and now goes by James D. Kurtz. ECF No. 66 at 1.

not intelligible. But the Court gleans that Plaintiff seeks to reopen this case—which he filed thirty-six years ago—on the basis that witnesses and/or participants in this action lied to or made misrepresentations to this Court, and similarly that witnesses and/or participants in the Wisconsin prosecutions against him lied to or made misrepresentations to the courts that heard those cases. *See generally id.*

Aside from being barely comprehensible, the motion is both untimely and baseless; accordingly, it will be denied. Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). In addition to these grounds, a party may move for relief on the basis that judgment is void, satisfied, or vacated, or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4)–(6). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1) [mistake], (2) [newly discovered evidence], and (3) [misrepresentation,] no more than a year after the entry of the judgment or order . . . ." Fed. R. Civ. P. 60(c).

Construing Plaintiff's motion as alleging misrepresentation and thus proceeding under Rule 60(b)(3), the motion is untimely. The one-year deadline applicable to such motions has long since passed, and the Court is not at liberty to extend the deadline. Fed. R. Civ. P. 6(b) ("A court must not extend the time to act under Rule[] . . . 60(b)."). None of the rule's other enumerated grounds for relief apply here. Rule 60(b)(6)'s catchall provision, which is not subject to the one-year constraint, still requires a showing that Rule 60(b)(1)–(5) do not apply and that "extraordinary circumstances" justify reopening. *Kemp v. United States*, 142 S. Ct. 1856, 1861

(2022) (citation omitted). Plaintiff's incoherent ramblings do not amount to extraordinary circumstances. He has offered no actual evidence of misrepresentations to this Court in this case, only his own suspicions. To the extent his motion relies on alleged misrepresentations to the Wisconsin state courts in criminal prosecutions, those occurrences are irrelevant and, in any event, beyond the power of this Court to redress in this action. *See Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (holding that lower federal courts are prohibited from presiding "over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be").

Simply because Plaintiff is no longer subject to a filing bar and may again submit filings in district courts in the Seventh Circuit does not mean he should do so. Here, Plaintiff has given the Court no reason to grant his motion, and instead has provided a reminder of why a filing bar was imposed in the first place. Plaintiff is put on notice that any further filings in this case will lead the Court to follow through on the Seventh Circuit's warning that the filing bar may be reinstated and/or monetary sanctions may be imposed.

Accordingly,

**IT IS ORDERED** that Plaintiff James D. Lammers's motion to reopen this case, for appointment or counsel, and for other miscellaneous relief, ECF No. 66, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of June, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge